UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x

BLANNE GONZALEZ,

                              Plaintiff,                        **OPINION & ORDER**

                           -against-                         18-cv-7083 (NG)(PK)

ROBERT WASCH AND US FOODS, INC.,

                              Defendants.

---------------------------------------------------------- x

GERSHON, United States District Judge:

This matter arises from a car accident that occurred on April 3, 2017 in which plaintiff Blanne Gonzalez was the passenger in a vehicle driven by non-party Melanio Rolon. In short, Mr. Rolon's vehicle was involved in an accident with a truck that was driven by defendant Robert Wasch and owned by defendant US Foods, Inc. Messrs. Gonzalez and Rolon are residents of New York while Mr. Wasch is a resident of Pennsylvania; US Foods, Inc. is a foreign corporation whose principal place of business is in Illinois. Following the accident, both plaintiff and Mr. Rolon were represented by the same counsel, Aleksandr Vakarev, Esq. Mr. Vakarev filed a complaint in Kings County Supreme Court on behalf of plaintiff against Mr. Wasch and US Foods Inc. but did not join Mr. Rolon as either a plaintiff or a defendant. In response to an *ad damnum* demand, plaintiff indicated that he was seeking in excess of one hundred thousand dollars on November 28, 2018. As a result, on December 13, 2018, defendants removed the action to this court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1441(a) and 1446.

Plaintiff retained new counsel, Ken Yilmaz, Esq., on January 24, 2020, and on February 3, 2020, plaintiff filed a pre-motion conference letter seeking to voluntarily dismiss the action

pursuant to Federal Rule of Civil Procedure 41(a)(2) without prejudice to filing a new action in state court against the present defendants and adding Mr. Rolon, recognizing that the new defendant would defeat diversity jurisdiction. After hearing from counsel at the pre-motion conference on February 6, 2020, the court entertained an oral application for leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) to add a non-diverse defendant, which would lead to the federal matter being remanded to state court in accordance with 28 U.S.C. § 1447(e). The court issued an oral order to show cause why the motion should not be granted and has now reviewed the parties' submissions in response.

Defendants' opposition emphasizes plaintiff's alleged delay in bringing the application and claims that they would be prejudiced if the motion were granted and the case remanded to state court. To begin with, there has been no delay by newly retained counsel, who entered this case mere weeks ago and learned that prior counsel was under a conflict of interest that prevented him from suing Mr. Rolon based on his prior representation of him for the same matter. With respect to defendants' claim that they will suffer prejudice if the action is remanded, it is alleged that this will predominantly take the form of duplicative discovery. Specifically, defendants argue that depositions, such as Mr. Wasch's, have already been completed in the federal action, and he would likely have to appear for another deposition if the case is remanded. I do not find this claim of prejudice to be persuasive. Mr. Rolon has already sued the defendants here in state court; and plaintiff either has or will soon sue Mr. Rolon in state court if his application to amend in this court is not granted. The point is that either way, additional depositions will be needed. There is simply no significant difference between joining Mr. Rolon as a defendant here and remanding the action to state court and commencing separate litigation against Mr. Rolon in state court.

Moreover, any potential prejudice to defendants through remand is more than outweighed by the prejudice that plaintiff would incur if he were required to litigate this car accident in two different courts due to the error of his prior counsel. Indeed, plaintiff here is an obviously innocent passenger who, through no fault of his own, is confronted with suing one defendant in one court and another in another court. As a result, the risk is unnecessarily high that, through litigation in separate courts, each driver will be able to place the blame on the other. Finally, defendants have not persuaded me that plaintiff's decision to amend the complaint at this stage was motivated by an intent to destroy diversity or bad faith.

For the foregoing reasons, plaintiff's motion to amend the complaint to add Melanio Rolon as a defendant is granted. Due to the joinder of a non-diverse party, the court no longer has subject matter jurisdiction over this action, and it is remanded to state court pursuant to 28 U.S.C. § 1447(e). The Clerk of Court is directed to remand this case to the Supreme Court of the State of New York, Kings County, Index No. 504067/18.

SO ORDERED.

/S/ Nina Gershon
NINA GERSHON
United States District Judge

February 20, 2020
Brooklyn, New York